UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

JOSE RODRIGUEZ,

                Petitioner,

        -against-

DONALD UHLER,

                Respondent.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

15 Civ. 9297 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Petitioner Jose Rodriguez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his appellate counsel was ineffective for failing to perfect his appeal, and his trial counsel was ineffective for failing to inform him of his right to testify at trial and failing to communicate or negotiate a plea deal on his behalf. (*See* Pet., ECF No. 1, ¶ 12.) Before this Court is Magistrate Judge Debra C. Freeman's Report and Recommendation ("Report," ECF No. 31), recommending that this Court dismiss the Petition without prejudice.[1] (Report at 22.) Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

### I. LEGAL STANDARDS

#### A. Report and Recommendation

    A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

1

objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## B. The Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "requires a state petitioner to exhaust all of his state remedies before a federal court may consider his petition for a writ of habeas corpus." *Sweeper v. Graham*, No. 14 Civ. 6346 (CM), 2017 WL 4516645, at *1 (S.D.N.Y. Sept. 26, 2017) (citing 28 U.S.C. § 2244(d)(1); *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "To properly exhaust an ineffective assistance of trial counsel claim that relies on evidence outside the pretrial and trial record . . . the petitioner must raise it as part of a motion to vacate judgment under [New York Criminal Procedure Law ("CPL")] § 440.10 and then seek leave to appeal to the Appellate Division." *Alston v. Griffin*, No. 12 Civ. 8092 (CS) (PED), 2014 WL 6663458, at *13 (S.D.N.Y. Oct. 16, 2014) (citation omitted); *see also Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir. 1994). "[I]neffective-assistance-of-appellate counsel claims are exhausted" when a petitioner "has previously raised them in [a] *coram nobis* petition before the Appellate Division and sought leave to raise them before the New York Court of Appeals." *Cumberland v. Graham*, No. 08 Civ. 04389 (LAP) (DF), 2014 WL 2465122, at *33 (S.D.N.Y. May 23, 2014); *see also Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015).

"As a general matter, unexhausted claims must be dismissed without prejudice to afford the petitioner an opportunity to exhaust the claim in state court." *Rodriguez v. Sheaham*, No. 12 Civ. 5640 (PAC), 2016 WL 3522278, at *3 (S.D.N.Y. June 21, 2016). In "limited circumstances,"

2

a district court may "stay the petition and hold it in abeyance" if "the district court determines these is good cause for the petitioner's failure to exhaust his claims." *Rhines v. Weber*, 544 U.S. 269 (2005). But granting a stay is an "abuse of discretion" when a claim is "plainly meritless." *Id.* Indeed, pursuant to 28 U.S.C. § 2254(b)(2), a claim may be "denied on the merits" even if it is unexhausted. "Although the Second Circuit has yet to enunciate a standard for determining when unexhausted claims should be denied on the merits, the majority of district court decisions in this Circuit have embraced a 'patently frivolous' test." *Green v. Keyser*, No. 15 Civ. 932 (TPG), 2017 WL 5125533, at *5 (S.D.N.Y. Nov. 1, 2017).

### III. THE PETITION IS DISMISSED WITHOUT PREDJUDICE

The Report correctly found that all of Petitioner's claims are unexhausted.[2] (Report at 15–18.) Petitioner asserts three ineffective assistance of counsel claims: (1) that his appellate counsel "never perfected [an] appeal on Petitioner's behalf"; (2) that his trial counsel "never advised Petitioner of his right to testify at his criminal trial"; and (3) that his trial counsel "never communicated or attempted to negotiate a favorable plea deal on Petitioner's behalf." (Pet. ¶ 12.)

As explained in greater detail in the Report, Petitioner asserted his claim for ineffective assistance of appellate counsel in a motion for a writ of error *coram nobis*. (Report at 5 (citing

---

[2] The Report also correctly found that the Petition is not barred by AEDPA's statute of limitations. (Report at 16.) As the Report notes, Respondent's counsel initially informed Magistrate Judge Freeman that she would "probably move to dismiss the petition on the grounds that it is untimely," (*id.* at 15) (quoting Letter from Fleischmann to the Honorable Debra C. Freeman, dated Nov. 9, 2016, ECF No. 16, at 1), but Respondent has now taken the position that "the limitations period has not begun to run." (Report at 15 (quoting Mem. in Opp'n, ECF No. 28, at 9).) Even if Petitioner's claims were otherwise untimely, the Report correctly determined that this change in position reflects a deliberate choice not to raise a statute of limitations defense, and that such a waiver should not be overridden. (Report at 15–16; *see also Wood v. Milyard*, 566 U.S. 463, 466 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense.").

3

SR-002–03[3]).) The Appellate Division denied the motion. (Report at 6 (citing SR-045.) However, the Appellate Division later issued an order recalling and vacating its denial, and appointing counsel to represent Petitioner for purposes of pursuing that *coram nobis* motion anew. (SR-106–07.)[4] Thus, Petitioner now has a further opportunity to pursue his ineffective assistance of appellate counsel claim in state court. (Report at 16–17); *see also Tolliver v. Greiner*, No. 9:02 Civ. 570 (LEK) (RFT), 2005 WL 2179298, at *16 (N.D.N.Y. Sept. 8, 2005) (suggesting that, where "the Appellate Division ... vacated its prior order affirming [petitioner's] conviction, ... exhaustion would be satisfied upon presenting all claims in his *de novo* appeal"), *report and recommendation adopted*, 2005 WL 2437021 (N.D.N.Y. Sept. 30, 2005). Therefore, the Report correctly found Petitioner's claim for ineffective assistance of appellate counsel is unexhausted. (Report at 17.)

Petitioner's claim for ineffective assistance of trial counsel has not been raised in state court. (*See* Report at 18.) Because it "rel[ies] on alleged conversations between himself and his attorney, matters which are not part of the pretrial record," it is properly raised by filing a CPL § 440.10 motion. *Daniels v. Stalone*, No. 1:14 Civ. 219 (MAT), 2017 WL 2931256, at *3 (W.D.N.Y. July 10, 2017); *see also Caballero*, 42 F.3d at 740 ("Motions to vacate judgment, which permit 'evidentiary exploration' of matters both on and off the record, are the preferred avenue for

---

[3] As in the Report, citations to the state court record, appended as an exhibit to the Declaration of Lisa E. Fleischman, ECF No. 27, filed in opposition to the Petition, are abbreviated as "SR-__." (*See* Report at 1 n.2.)

[4] As explained in the Report, the Appellate Division's order denying Petitioner's *coram nobis* motion referred to "a decision and order ... entered on May 17, 1983 (Appeal No. 16790)." (SR-45.) But in investigating Petitioner's habeas claims, Respondent later learned that the order with that appeal number issued on that date affirmed the conviction of another defendant with the same name. (Report at 4; *see also* SR-25 (Order of Affirmance on Appeal from Judgment 16970).) The Appellate Division later confirmed that Petitioner's appeal was never litigated. (Report at 8 (citing Letter from Fleischmann to the Honorable Debra C. Freeman, dated Feb. 17, 2017, ECF No. 24, at 1).) The Appellate Division then, *sua sponte*, vacated and recalled its order denying Petitioner's *coram nobis* motion. (Report at 9.)

4

inadequate representation claims in New York."). As the Report notes, Petitioner has never filed a CPL § 440.10 motion claiming ineffective assistance of trial counsel.[5] (Report at 18.) Thus, the Report correctly found that Petitioner's ineffective assistance of trial counsel claim is unexhausted. (*Id.*)

The Report further correctly found that a stay of the Petition is not appropriate. While Petitioner attempted to raise his ineffective assistance of appellate counsel claim in his *coram nobis* motion, Petitioner has not shown good cause for his failure to exhaust his claims for ineffective assistance of trial counsel. (*Id.* at 20.)

The Report also correctly found that dismissal of Petitioner's claims on their merits would be premature. (*Id.* at 19.) As the Report explains, whether Petitioner's trial and/or appellate counsel were constitutionally ineffective will depend upon the facts of his case. (*Id.*); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (noting that whether counsel was ineffective "will turn on the facts of a particular case"). Those facts have not yet been explored, and could be developed through a § 440.10 motion and/or his *coram nobis* motion. (Report at 19.) Thus, the Report correctly concluded that the Petition should be dismissed without prejudice. (*Id.* at 21.)

---

[5] Petitioner is not time-barred from filing a CPL § 440.10 motion because "[s]ection 440.10 has no statute of limitations." *New York ex rel. Turner ex rel. Connors v. Dist. Attorney of New York Cty.*, No. 12 Civ. 3355 (LTS) (DCF), 2015 WL 4199135, at *15 (S.D.N.Y. July 10, 2015) (citation omitted).

5

## IV. CONCLUSION

Magistrate Judge Freeman's Report is ADOPTED. The Petition is DISMISSED without prejudice.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d. Cir. 1998). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to close this case.

Dated: New York, New York
April 2, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge